IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LELAND J. GAUTIER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-08-445-C |
| | ) | |
| (1) DEPARTMENT OF CORRECTIONS OF THE STATE OF OKLAHOMA; (2) THE STATE OF OKLAHOMA; and (3) UNITED STATES OF AMERICA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff has filed a complaint seeking a declaratory judgment that certain provisions of federal and Oklahoma sexual offender registration statutes be declared unconstitutional. Plaintiff additionally filed a motion requesting that the Court seal this file from the public, or, alternatively, permit him to proceed under a pseudonym.

Although Plaintiff expresses his belief that the media are likely to publicize this litigation, he admits that his name is already publicly listed as a sexual offender on the Internet. Moreover, his speculative argument that he may lose his job if such public attention is paid to the case does not constitute an exceptional circumstance that warrants restricting the public's access to legal proceedings. See Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000). The plaintiff in Femedeer similarly was challenging the constitutionality of a provision of a state sex offender registration and notification statute, and he filed his action in federal district court under a pseudonym, seemingly without permission. See id. The Tenth Circuit Court of Appeals did not permit the plaintiff to proceed under a pseudonym and noted that such a procedure is "unusual,"

although "exceptional circumstances" may warrant anonymity in judicial proceedings.  See id.

    The Court finds the Tenth Circuit's rationale compelling:

> [T]he public has an important interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation. . . . While we appreciate Appellee's interest in attempting to prevent disclosure of his status as a sex offender, such disclosure has presumably already occurred in the underlying conviction.  Further, Appellee has not established real, imminent personal danger, and the disclosure of Appellee's identity in the caption of this lawsuit is not coterminous to the harm he is seeking to avoid by filing this claim.  The posting of his identity and other personal information on the Internet is likely to be more extensive than is the exposure resulting from his name on the caption of this lawsuit.  Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials.

Id. (citing Fed. R. Civ. P. 10(a) & 17(a)). The Tenth Circuit Court of Appeals required the plaintiff to reveal his identity to the court and ordered that all further actions should bear his name in the caption, absent a contrary order by the district court.  See id. at 1246-47.

    As in Femedeer, the harm that Plaintiff is seeking to avoid by filing his claim – a lifetime registration requirement – is not coterminous with the purported publicity he wishes to avoid while filing his lawsuit.  Plaintiff has not shown that this is an exceptional case, and his claimed right to privacy is outweighed by the public interest in access to these proceedings.  Cf. id.; M.M. v. Zavaras, 139 F.3d 798, 802-03 (10th Cir. 1998).

    Plaintiff's motion is hereby DENIED.

    IT IS SO ORDERED this 29th day of April, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge