IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LELAND J. GAUTIER,                    )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )          Case Number CIV-08-445-C
                                      )
JUSTIN JONES, in his official capacity, )
Director, Department of Corrections   )
of the State of Oklahoma,             )
                                      )
                    Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a second amended complaint requesting relief under 42 U.S.C. § 1983. The Plaintiff claims that the Defendant, in his official capacity as Director of the Department of Corrections for the State of Oklahoma, is depriving him of rights guaranteed to him under U.S. Const. art. 1, § 10; O.K. Const. art. 2, § 15; and U.S. Const. amend. XIV, § 2. (Dkt. No. 13). The Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 17).

## BACKGROUND

On March 24, 1997, the Plaintiff pleaded *nolo contendere* to the charge of sexual battery on a 17-year-old female and received a two-year suspended sentence. According to the Plaintiff, he was required to register as a sex offender with the Oklahoma Department of Corrections for 10 years based on the Oklahoma Sex Offenders Registration Act. 57 Okla. Stat. § 583. In 2006, after the Plaintiff's conviction, Congress passed the Sex Offender

Registration and Notification Act.  42 U.S.C. §§ 16901 *et seq*.  Section 16915 sets forth the duration for which a particular offender is required to register.  Congress required jurisdictions to implement the provisions of this Act and provided for a ten percent reduction in funding should states not comply.  As a result, Oklahoma amended 57 Okla. Stat. § 581 *et seq.*, to take effect on November 1, 2007.  On February 7, 2008, the Plaintiff received a letter from the Oklahoma Department of Corrections informing him of these changes and telling him that, because he was assigned a risk level of III, he was required to register for life.  Absent these changes, the Plaintiff's registration period would have ended on March 18, 2009.  The Plaintiff argues that changing his registration period from ten years to life violates the *ex post facto* clause of both the U.S. Constitution and the Oklahoma Constitution as well as the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

The Defendant argues that the Plaintiff does not have standing to bring this claim because he has not suffered an injury in fact.  The Defendant also argues that he is not a proper party to be sued under the *Ex parte Young*[1] exception to state sovereign immunity because there is an insufficient connection between the Defendant and enforcement of the Oklahoma Sex Offenders Registration Act.

## STANDARD OF REVIEW

The proper standard for reviewing a Rule 12(b)(1) motion is set forth in Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

---

[1]  209 U.S. 123 (1908).

> [M]otions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

(Citations omitted.) In the present case, the Defendant argues that the Plaintiff lacks standing to bring this lawsuit. Because this goes beyond merely challenging the sufficiency of the complaint, this Court may consider affidavits and other documents to resolve the dispute without converting the claim into a Rule 56 motion for summary judgment. Id.

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint as true and must construe all facts in the light most favorable to the Plaintiff. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Consistent with the liberal pleading standards of Fed. R. Civ. P. 8(a)[2], the plaintiff need not plead detailed factual allegations, but the face of the complaint must indicate a plausible right to relief that is not simply speculative. James River Ins. Co. v. Ground Down Eng'g, Inc., ___ F.3d ___, No. 07-13207, 2008 WL 3850687, at *3 (11th Cir. Aug. 20, 2008). A complaint containing only conclusory

---

[2] Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007).

allegations without any factual support will not survive a motion to dismiss.  <u>Briscoe v. LaHue</u>, 663 F.2d 713, 723 (7th Cir. 1981).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  <u>Bell Atlantic Corp.</u>, ___ U.S. at ___, 127 S.Ct. at 1969.

## <u>ANALYSIS</u>

*1.  Plaintiff's Standing to Bring § 1983 Claim*

The first issue is whether the Plaintiff has standing to bring this lawsuit.  The requirement of standing is derived from the Article III[3] mandate that federal courts can only hear a "case or controversy."  <u>Utah ex rel. Div. of Forestry, Fire & State Lands v. United States</u>, 528 F.3d 712, 720 (10th Cir. 2008).  In order for the Plaintiff to have standing, he must establish:  (1) an injury in fact; (2) the conduct at issue caused the injury; and (3) the injury can be redressed if the Court finds for the Plaintiff.  <u>Id.</u> at 721.  To demonstrate injury in fact, the Plaintiff must show that he has a legally recognized interest that is:  concrete and particularized; and actual or imminent.  <u>Id.</u>  The requirements for standing must be found to exist at the time the lawsuit is filed.  <u>Davis v. Federal Election Comm'n</u>, ___ U.S. ___, ___, 128 S.Ct. 2759, 2769 (2008).

When the asserted injury has not yet occurred but rather is prospective, the Plaintiff has standing so long as the injury is real, immediate, and direct.  <u>Id.</u>  The Plaintiff cited <u>Tandy v. City of Wichita</u>, 380 F.3d 1277 (10th Cir. 2004), as an example of an immediate

---

[3]  U.S. Const. art. III, § 2, cl. 1.

4

and direct prospective injury.  There, a disabled person testing the Wichita Transit System for ADA compliance had standing to bring a claim based upon her assertion that she planned to use the bus several times per year, as well as evidence that a frequent rider experienced problems twenty to thirty percent of the time.  Id.  The court found this to be a sufficiently real and immediate threat of injury and held that the plaintiff had standing.  Id. at 1284.

In the present case, the Plaintiff's threat of future injury is even more real and immediate.  While the plaintiff in Tandy based her claim of standing upon her "intent" to ride the bus in the future, the Plaintiff in this case is virtually certain to suffer the future harm of which he complains, regardless of his actions or intentions.  Because of the Plaintiff's conviction, he is subject to the provisions of 57 Okla. Stat. § 583 which, after its 2007 amendments, provides a lifetime registration period for the Plaintiff, a significant increase from the previous 10-year period.  It seems certain that this new registration period will be applied to the Plaintiff based upon the letters he received from the Oklahoma Department of Corrections.  (Dkt. No. 13, Exhibits B and C).  The letters indicate that the Plaintiff has been assigned a risk level of III and that as a result his registration period is for life.  It is therefore clear that the Plaintiff is under a real and immediate threat of future injury, which satisfies the first requirement of standing.

Because the Plaintiff's future injury will result from imposing the amended statutory provisions on him, the second standing requirement, that of causation, has been met.  Finally, this Court finds that the requirement of redressability is also satisfied.  If the Court were to declare that changing the Plaintiff's registration period from ten years to life were

5

unconstitutional, then those provisions in 57 Okla. Stat. § 581 *et seq.* would not be applied to the Plaintiff.  This would adequately redress the Plaintiff's injuries since this is the constitutional violation of which he complains.  Thus the third requirement has been met and the Plaintiff has standing to bring this lawsuit.

*2.  Immunity from Suit*

The second issue is whether the Defendant is the proper party for the Plaintiff to sue or whether he has immunity under the Eleventh Amendment.  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Under the arm-of-the-state doctrine, immunity extends to states and governmental entities that operate as instrumentalities of the states.  Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir. 1996).

Three exceptions to this immunity exist:  (1) a state may consent to be sued;[4] (2) Congress can abrogate a state's immunity;[5] and (3) the *Ex parte Young* exception[6].  The first two exceptions do not apply in this case, so only the *Ex parte Young* exception need be considered.  This doctrine provides that courts may issue an injunction barring state officers acting under color of law from enforcing an unconstitutional statute.  Id. at 155-56.  Such injunctions are permitted when the plaintiff is seeking prospective relief (asking the court to

---

[4]  Alden v. Maine, 527 U.S. 706, 712 (1999).

[5]  Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 55-57 (1996).

[6]  209 U.S. 123 (1908).

force the officers to comply with the law in the future).  Edelman v. Jordan, 415 U.S. 651, 664 (1974).  In determining whether the *Ex parte Young* exception applies, courts must engage in a straightforward analysis of whether the plaintiff alleges continuing violations of law and seeks only prospective relief.  Verizon Maryland, Inc. v. Public Service Comm'n of Maryland, 535 U.S. 635, 645 (2002).  Plaintiffs are not permitted to sue any state official they choose.  Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1342 (Fed. Cir. 2006).  There must be some connection between the official named in the suit and enforcement of the allegedly unconstitutional act.  Young, 209 U.S. at 453; Pennington Seed, 457 F.3d at 1334; In re Dairy Mart Convenience Stores, Inc., 411 F.3d 367, 372-73 (2d Cir. 2005).  The requisite connection is a matter of degree, and it is left to the Court to decide whether a sufficient connection exists between the officer and enforcement of the act.  13 Charles Alan Wright, et al., Federal Practice and Procedure: Jurisdiction § 3524 (2d ed. 1984).

This Court is satisfied that the required connection is established in this case.  The Defendant is the director of the Oklahoma Department of Corrections, and his statutory duties include "supervis[ing] the activities of the Department" and "act[ing] for the Department in all matters."  57 Okla. Stat. § 507.  The Sex Offender Registration Act requires the Department of Corrections to assign a risk level to all offenders released from prison, maintain a sexual registry containing detailed information about offenders, and verify offenders' addresses on at least an annual basis.  The Department of Corrections is charged with carrying out the statute's requirements, and the Defendant, as director, has the ultimate

7

responsibility to ensure the statute's enforcement.  He is, therefore, the proper party for the Plaintiff to sue in this case under *Ex parte Young*.

The Defendant argues that he is not the proper party because the Department of Corrections is not the sole agency with responsibilities under the Sex Offender Registration Act.  Prior interpretations of *Ex parte Young*, however, do not indicate that the state official must be the only person connected to enforcement of the act, but rather only that some connection exists.[7]  Because that connection exists in this case, the Defendant is the proper party to be sued.  The Plaintiff's complaint contains sufficient factual allegations to conclude that he may be entitled to relief under 42 U.S.C. § 1983.

Accordingly, the Defendant's motion to dismiss (Dkt. No. 17) is DENIED.

IT IS SO ORDERED this 29th day of August, 2008.

ROBIN J. CAUTHRON
United States District Judge

---

[7]  Existing case law discusses the requirement for a sufficient connection between the state official named in the lawsuit and enforcement of the act at issue, but there is no indication that the *Ex parte Young* exception is inapplicable if other officers not named in the suit are also charged with responsibilities under the act at issue.  Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 828 (10th Cir. 2007); Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006); In re Dairy Mart Convenience Stores, Inc., 411 F.3d 367, 372-73 (2d Cir. 2005).