IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LELAND J. GAUTIER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-08-445-C |
| ) | |
| JUSTIN JONES, in his official capacity, ) | |
| Director, Department of Corrections of the ) | |
| State of Oklahoma, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting various constitutional challenges to the Oklahoma Sex Offenders Registration Act (the Act), 57 Okla. Stat. § 581 et seq. On May 20, 2009, the Court issued an order declaring that application of the Act violated Plaintiff's Fourteenth Amendment right to procedural due process because it did not provide Plaintiff with a hearing on the issue of his current dangerousness. The Court also enjoined Defendant from enforcing the Act against Plaintiff unless and until he is provided with such a hearing.

Subsequently, Defendant appealed the Court's decision to the Tenth Circuit, which appeal is currently pending. Defendant also filed a motion to stay or vacate the Court's order. Defendant argues that there is a substantial likelihood that he will succeed on appeal, particularly in light of the fact that the Oklahoma legislature has since amended portions of the Act found problematic by the Court. Additionally, Defendant argues that not granting a stay would result in irreparable injury to the State of Oklahoma and its

citizens because they would not be able to rely on the Sex Offender Registry until such time as all registrants are provided with a hearing on current dangerousness; that Plaintiff would not be harmed by staying enforcement of the injunction because the stay would simply maintain the status quo pending resolution of Defendant's appeal; and finally, that the stay would promote the very weighty public interest of protecting Oklahoma citizens and identifying and alerting the public to the serious risks posed by sexual offenders.[*]

Plaintiff, however, argues that entry of a stay is not appropriate. Because the Court's injunction prevented enforcement of the Act against Plaintiff alone, and not all others similarly situated, the State of Oklahoma will not suffer irreparable harm or any undue burden by complying with it. Additionally, Plaintiff argues that entry of a stay would cause him great harm, as it would constitute an ongoing violation of his constitutional rights and would require him to abide by the Act's stringent requirements. Finally, Plaintiff contends that there is not a substantial likelihood of success on appeal. Even as amended, the statute still defines Plaintiff and other level III offenders as current dangerous offenders who "will continue to engage in criminal sexual conduct." (See Pl.'s Resp., Dkt. No. 47, at 8.)

Rule 8 of the Federal Rules of Appellate Procedure requires a party to first file a motion to stay a judgment or order pending appeal in the district court that issued the judgment or order. Fed. R. App. P. 8(a)(1)(A). In determining whether to grant a stay

---

[*] In the alternative, Defendant requests that the Court consider vacating its order in light of the recent statutory amendments. Such amendments are not yet in effect, and the Court declines to vacate its order and judgment on this basis.

pending appeal, courts should consider the following factors: "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." F.T.C. v. Mainstream Marketing Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003). As Defendant notes:

> [W]here the moving party has established that the three "harm" factors tip decidedly in its favor, the "probability of success" requirement is somewhat relaxed. Under those circumstances, probability of success is demonstrated when the petitioner seeking the stay has raised "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation."

Id. at 852-53 (citations omitted). The decision to grant a stay must not be entered into lightly, however, as "[a] stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" Nken v. Holder, ___ U.S. ___, ___, 129 S.Ct. 1749, 1757 (2009) (citations omitted).

The present case is distinguishable from those where plaintiffs assert that a statute violates not only their constitutional rights, but also the rights of all others similarly situated. Here, Plaintiff's argument focused solely on the ways in which the Act violated his own constitutional rights. Accordingly, the order as framed by the Court stated only that the Act as applied to Plaintiff violated the Due Process Clause of the Fourteenth Amendment because it did not provide for a hearing on Plaintiff's current dangerousness. Further, the injunction merely stated that Defendant was "enjoined from enforcing its

provisions against Plaintiff unless and until he is provided with such a hearing." (J., Dkt. No. 34.) As Plaintiff notes, courts must clearly define the scope of injunctions pursuant to Rule 65(d)(1) of the Federal Rules of Civil Procedure.

A consideration of the four factors set forth above indicates that it would be inappropriate to stay enforcement of the injunction as it pertains to Plaintiff. In weighing the "harm" factors, the Court finds that they clearly tip in Plaintiff's favor. Defendant has not made the requisite showing that he will suffer irreparable harm in the absence of a stay. The cost of providing a hearing on future dangerousness for Plaintiff alone would not be prohibitively high, nor would the risks of not registering him as a sex offender be nearly as great as Defendant urges. On the contrary, Plaintiff would suffer harm should a stay be granted. He has actively litigated this case for over a year, and has suffered the deprivation of his constitutional rights for that entire period. Under the terms of the Act, he is currently required to, among other things, verify his address every ninety days and abide by stringent residency and out-of-state work requirements, all without the opportunity for the hearing that is mandated by Oklahoma statute. Finally, the risk of harm to the public interest in relieving Plaintiff of the burdens of the Act is minimal. Plaintiff has not committed any other crimes during his ten-year period of registration, making it unlikely that he would do so while his case is on appeal. In addition, Plaintiff has fully complied with all of the Act's requirements, indicating that he would continue to do so in the future should the present injunction be overturned. While Defendant may prevail on appeal, it would not be difficult

to once again add Plaintiff to the Sex Offender Registry and force him to comply with the Act's terms.

However, to the extent that any other individuals may attempt to rely on the Court's injunction issued in this case in an effort to relieve themselves of the burden of registration under the Act, the Court finds that entry of a stay is appropriate. As argued by Defendant, it would be very costly to require hearings for all those offenders in the same situation as Plaintiff, especially if the Court's order is later reversed by the Court of Appeals. Additionally, the harm to the public interest would be much greater than it is in the context of Plaintiff alone. Removing a large number of offenders from the registry pending appeal would clearly be contrary to the State's interest in protecting its citizens and alerting them to potential threats. Finally, the harm to such offenders would be minimal. In contrast to Plaintiff, other offenders have not spent the last year actively litigating to relieve themselves of the Act's burdens. Any harm that such individuals suffer is greatly outweighed by the harm that would result to the State of Oklahoma should the injunction not be stayed as to them.

Accordingly, Defendant's Motion to Stay, or in the Alternative Motion to Vacate (Dkt. No. 39) is GRANTED IN PART and DENIED IN PART. The Court's Order and Injunction dated May 20, 2009, is NOT STAYED with respect to Plaintiff. Defendant must therefore provide Plaintiff with a hearing before it enforces the Oklahoma Sex Offender Registration Act, 57 Okla. Stat. § 581 et seq., against him. However, the Order and

Injunction are STAYED with respect to all other similarly situated offenders pending appeal.

    IT IS SO ORDERED this 20th day of August, 2009.

*[Signature]*
ROBIN J. CAUTHRON
United States District Judge