IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LELAND J. GAUTIER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-08-445-C |
| ) | |
| JUSTIN JONES, in his official capacity, ) | |
| Director, Department of Corrections of the ) | |
| State of Oklahoma, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action asserting various constitutional challenges to the Oklahoma Sex Offenders Registration Act (the Act), 57 Okla. Stat. § 581 et seq. On May 20, 2009, the Court issued an order declaring that application of the Act violated Plaintiff's Fourteenth Amendment right to procedural due process because it did not provide Plaintiff with a hearing on the issue of his current dangerousness. The Court also enjoined Defendant from enforcing the Act against Plaintiff unless and until he is provided with such a hearing. Subsequently, Defendant appealed the Court's decision to the Tenth Circuit, which appeal is currently pending. On August 20, 2009, the Court issued an Order staying the injunction issued in this case with respect to all individuals, other than Plaintiff, who are similarly situated.

Plaintiff has filed a Motion for Attorney's Fees, requesting that the Court award him reasonable fees as a prevailing party pursuant to 42 U.S.C. § 1988. Defendant argues that, because Plaintiff only prevailed on a small portion of the claims that were originally asserted,

he is only entitled to fees related to that smaller claim.  Additionally, Defendant takes issue with Plaintiff's failure to attach detailed time records indicating how the attorney hours were allocated among particular tasks.  Because an appeal is currently pending, Defendant requests that the Court decline to consider an award of fees in this case until after the Tenth Circuit issues its decision.

The prevailing party in a § 1983 action is entitled to an award of reasonable attorney's fees.  See 42 U.S.C. § 1988(b).  In deciding whether to award attorney's fees pursuant to this provision, two factors must be met:  "First, the party seeking fees must qualify as a 'prevailing party.'  Second, the fee itself must be 'reasonable.'"  Phelps v. Hamilton, 120 F.3d 1126, 1129 (10th Cir. 1997).  Although district courts have discretion in awarding fees, "Congress intended this discretion to be narrow once the plaintiff meets the 'prevailing party' inquiry," id., and such plaintiff "'"should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."'"  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citations omitted).

According to the Supreme Court, "a plaintiff 'prevails' 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"  Phelps, 120 F.3d at 1130 (quoting Farrar v. Hobby, 506 U.S. 103, 109 (1992)).  Once it is determined that a plaintiff enjoys prevailing party status, then the court must determine what constitutes a reasonable attorney's fee.  This is usually done by first calculating the lodestar, which is "the total number of hours reasonably expended multiplied by a reasonable hourly rate."  Id. at

1131. Next, courts can either increase or decrease the lodestar amount depending upon the particular facts of each case. Id.

It is clear to the Court that Plaintiff is considered a prevailing party under the guidelines set forth by the Supreme Court. He prevailed on the merits of his case because the Court found that requiring Plaintiff to register as a sex offender absent a hearing on his current dangerousness violated his due process rights. Additionally, the outcome of the litigation materially altered the legal relationship between Plaintiff and Defendant. Defendant is no longer permitted to enforce the registration requirements of the Act against Plaintiff, until such time as Plaintiff is given a hearing. Plaintiff is therefore considered a "prevailing party."

The Court finds that the documentation submitted by Plaintiff in his reply represents a reasonable lodestar amount for this case.[*] (See Pl.'s Reply, Dkt. No. 43, Ex. 1.) Defendant contends that this amount should be reduced because Plaintiff only prevailed on one of his claims, which constitutes a very small portion of the relief sought. According to the Supreme Court:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did

---

[*] One of Defendant's main objections in its response was that Plaintiff failed to properly document the hours spent in litigating this case because only a general affidavit was attached to the Motion for Attorney's Fees. However, Plaintiff attached a very detailed breakdown of how many hours were spent on each activity, thereby rendering moot Defendant's arguments on this issue.

>not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Hensley, 461 U.S. at 440. Where a plaintiff's claims "involve a common core of facts or [are] based on related legal theories," courts should not view each claim individually, but instead "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435.

Here, Plaintiff's claims all arose out of his requirement to register as a sex offender. Plaintiff asserted that this continued obligation constituted a breach of his plea agreement, violated the *Ex Post Facto* Clause, and violated Plaintiff's substantive and procedural due process rights. Plaintiff only prevailed on his procedural due process claim, but the Court finds that his remaining claims involve a common core of facts and are based on related legal theories. Although the Court's decision did not foreclose the possibility that Plaintiff will at some point be subject to the statutory registration requirements, he is first entitled to a hearing on his current dangerousness. While this is not the full limit of relief requested by Plaintiff, the Court finds that it is extremely significant and does not merit a reduction in his attorney's fee award.

Plaintiff is requesting a fee in the amount of $20,191.50 for almost 140 hours of work performed by both attorneys and interns. After a thorough examination of the time records submitted by Plaintiff, the Court finds this amount to be reasonable. There is no indication that Plaintiff has included excessive or duplicative hours in his request, and given the complexity of the issues involved in this case, as well as the length of numerous documents

filed by the parties, the Court finds no reason to reduce this award.

While Plaintiff is entitled to such an award, the Court recognizes that the existence of a pending appeal alters the situation slightly. There is a chance that the Court's Order will be reversed, at which time Plaintiff will no longer be a prevailing party entitled to attorney's fees. Therefore, the Court finds it appropriate to stay Plaintiff's award of fees in this case until after resolution of Defendant's appeal.

Accordingly, Plaintiff's Motion for Attorney's Fees (Dkt. No. 35) is GRANTED. Plaintiff's award of fees, however, is STAYED pending Defendant's appeal.

IT IS SO ORDERED this 9th day of September, 2009.

ROBIN J. CAUTHRON
United States District Judge